**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| BRANDON ZOOK, Individually and On Behalf of Others Similarly Situated, | CASE NO: 7:15-cv-00201-RAJ-DC COLLECTIVE ACTION |
| v. | JUDGE ROBERT A. JUNELL |
| W&W ENERGY SERVICES, INC. | MAGISTRATE DAVID COUNTS |

_____

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**
_____

Respectfully submitted,

| | |
|---|---|
| **BRUCKNER BURCH PLLC** | **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON** |
| Richard J. (Rex) Burch | Michael A. Josephson |
| Texas Bar No. 24001807 | Texas Bar No. 24014780 |
| Matthew S. Parmet | Andrew W. Dunlap |
| Texas Bar No. 24069719 | Texas Bar No. 24078444 |
| 8 Greenway Plaza, Suite 1500 | 1150 Bissonnet |
| Houston, Texas 77046 | Houston, Texas 77005 |
| Telephone: (713) 877-8788 | Telephone: (713) 751-0025 |
| Telecopier: (713) 877-8065 | Telecopier: (713) 751-0030 |
| rburch@brucknerburch.com | mjosephson@fibichlaw.com |
| mparmet@brucknerburch.com | adunlap@fibichlaw.com |

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| A. | SUMMARY | | 1 |
| B. | FACTUAL BACKGROUND | | 1 |
| C. | ARGUMENT & AUTHORITIES | | 2 |
| | 1. | Class certification is warranted when employees are "similarly situated." | 2 |
| | 2. | The Fifth Circuit uses the two-stage *Lusardi* approach for class certification. | 3 |
| | 3. | The Putative Class Members share common job duties and pay provisions. | 5 |
| | 4. | Merits issues are not relevant to a decision on conditional certification. | 6 |
| | 5. | The statute of limitations is running on Putative Class Members' claims. | 7 |
| D. | RELIEF SOUGHT | | 7 |
| | 1. | Zook's proposed Notice & Consent form has been widely accepted by Courts. | 7 |
| | 2. | The production of contact information is routine in FLSA collective actions. | 8 |
| | 3. | Email notice should be provided to Putative Class Members. | 8 |
| | 4. | Zook should be permitted to follow-up with Putative Class Members by telephone. | 10 |
| | 5. | W&W should be prohibited from discouraging employees from joining this lawsuit. | 10 |
| E. | CONCLUSION | | 10 |

**TABLE OF EXHIBITS**

| Ex. | Document |
|---|---|
| A | Decl. of Brandon Zook, Mar. 8, 2016 |
|   |   |

# TABLE OF AUTHORITIES

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010) ................................. 3, 5

*Alba v. Madden Bolt Corp.*, C.A. 4:02-cv-01503, 2002 WL 32639827 (S.D. Tex. Jun. 5, 2002) ...... 4, 8, 10

*Albanil v. Coast 2 Coast, Inc.*, C.A. 4:08-cv-00486, 2008 WL 4937565 (S.D. Tex. Nov. 17, 2008) ............ 4

*Allen v. McWane, Inc.*, C.A. 2:06-cv-158, 2006 WL 3246531 (E.D. Tex. Nov. 7, 2006) .............................. 3

*Barnard v. Intertek USA Inc.*, C.A. No. 4:11-cv-2198, Order Granting Pls' Mtn. for Cond. Cert. [Doc. 99] (S.D. Tex. May 2, 2012) ........................................................................................................... 10

*Beall v. Tyler Technologies, Inc.*, No. Civ. A. 2-08-CV-422, 2009 WL 3064689 (E.D. Tex. Sept. 23, 2009) . 8

*Benzon v. National Oilwell Varco, LP*, C.A. No. 4:14-cv-2582, Order Granting Plaintiff's Motion for Conditional Certification [Doc. 33] (S.D. Tex. Jun. 18, 2015) ........................................................... 10

*Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-2267 (W.D. La. Feb. 25, 2015) .......................... 6

*Cantu v. Vitol, Inc.*, CA H-09-0576, 2009 WL 5195918 (S.D. Tex. Dec. 21, 2009) ....................... 3

*Collazo v. Forefront Educ., Inc.*, C.A. 1:08-cv-05987, 2010 WL 335327 (N.D. Ill. Jan. 28, 2010) ............... 5

*D'Anna v. M/A-Com, Inc.*, 903 F.Supp. 889 (D. Md. 1995) ........................................................ 3

*Davida v. Newpark Drilling Fluids, LLC*, No. SA-14-CA-552-HJB (W.D. Tex. Jan. 6, 2015) ..................... 6

*Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. Civ. A. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735 (D. Nev. Jan. 12, 2009) ........................................................................................................ 8

*Durbin v. Advanced Pipeline Svcs., LLC*, No. 13-cv-0136, Order on Pl.'s Mtn. for Notice to Potential Class Mems. [Doc. 34] (S.D. Tex. Jan. 13, 2014) ..................................................................................... 9

*Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510 (W..D. Tex. 2015) .................................. 8, 9

*Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048 (E.D. Mich. Oct. 22, 2009) ............................................................................................................................................. 7

*Foraker v. Highpoint Southwest Servs., L.P.*, C.A. H- 06-1856, 2006 WL 2585047 (S.D. Tex. Sept. 7, 2006) ............................................................................................................................................. 4

*Garcia v. GES Gladiator Energy Svcs. Texas LLC*, No. 5:15-cv-00257-XR, Order Granting Pls' Mtn. for Cond. Cert. (Minute Entry) [Doc. 40] (W.D. Tex. Nov. 2, 2015) ........................................................ 6

*Garner v. G.D. Searle*, 802 F. Supp. 418 (M.D. Ala. 1991) ............................................................... 4

*Gonyer v. Allied Transp. Co.*, No. 2:13-cv-267, Order on Pls' Mtn. for Cond. Cert. [Doc. 85] (S.D. Tex. Jun. 11, 2014) ....................................................................................................................................... 9

*Grayson v. K-Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996) .................. 3, 4

*H&R Block, LTD. v. Housden & Beard*, 186 F.R.D. 399 (E.D. Tex. 1999) .................................................. 5

*Hanks v. Big Lots Stores, Inc.*, C.A. 5:04-cv-00238-DF (E.D. Tex. Aug. 8, 2005) ........................................ 3

*Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856 (S.D. Tex. 2012) ................................................................. 6

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ......................................................................... passim

*Jackson v. New York Telephone Co.*, 163 F.R.D. 429 (S.D.N.Y. 1995) ......................................................... 3

*Jaso v. Bulldog Conn. Specialists LLC*, No. 2:15-cv-269, Memo & Order on Pls' Mtn. for Cond. Cert. [Doc. 17], at *12 (S.D. Tex. Oct. 15, 2015) (Tagle, D.J.) ........................................................................... 9

*Jirak v. Abbott Labs., Inc.,* 566 F.Supp.2d 845 (N.D. Ill. 2008) ........................................................ 5

*Jones v. Cretic Energy Svcs., LLC*, No. H-15-0051, 2015 WL 8489978, --- F.Supp.3d ---- (S.D. Tex. Dec. 9, 2015) ........................................................................................................................... 9

*Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012), *adopted*, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013) ........................................................................... 6, 8

*Lang v. DirecTV, Inc.,* 735 F. Supp. 2d 421 (E.D. La. 2010) ........................................................ 3

*Lopez v. WS Energy Svcs., LLC*, No. 2:15-cv-135, Order on Pls.' Opp. Mtn. for Notice to Pot. Class Mems. [Doc. 33] (S.D. Tex. Oct. 15, 2015) (Libby, M.J.) ........................................................ 10

*McPherson v. LEAM Drilling Systems, LLC*, Civ. A. No. 4:14-cv-02361 (S.D. Tex. Mar. 30, 2015) ........... 6

*Meyer v. Phoenix Tech. Servs. USA, Inc.*, No. 4:14-cv-01490 (S.D. Tex. Jan. 27, 2015) ...................... 6

*Mooney v. Aramco Servs. Co.,* 54 F.3d 1207 (5th Cir. 1995) ................................................ 3, 4, 5

*Moore v. Bottom Line Svcs., LLC*, No. 2:13-cv-121, Order on Pl.'s Mtn. for Notice to Pot. Class Mems. [Doc. 26] (S.D. Tex. Nov. 14, 2013) ........................................................................................ 9

*Ortiz v. Rain King, Inc.,* C.A. 4:02-cv-04012, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) ............... 4, 8

*Pacheco v. Aldeeb*, Cv. No. 5:14-CV-121-DAE, 2015 WL 159570 (W.D. Tex. Mar 31, 2015) (Ezra, S.D.J.) ........................................................................................................................... 10

*Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-cv-603-RP, Order Granting Cond. Class Cert. and Notice [Doc. 57] (W.D. Tex. Mar. 16, 2015) ........................................................................... 8, 9

*Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930 (N.D. Ill. 2008) .................................................. 5

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008) .................................................. 3

*Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392 (D. N.J. Jan. 5, 1988) ................................. 4, 5

*Tolentino v. C&J Spec-Rent Services, Inc.*, C.A. 2:09-cv-00326, 2010 WL 2196261 (S.D. Tex. May 26, 2010) ........................................................................................................................... 4

*Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941 (M.D. Fla. 1994) ............................................. 3, 4

*Vargas v. The Richardson Trident Co.*, C.A. H-9-1674, 2010 WL 730115 (S.D. Tex. Feb. 22, 2010) ......... 3

*Villatoro v. Kim Son Restaurant*, 286 F.Supp.2d 807 (S.D. Tex. 2003) ........................................... 4

*Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462 (S.D. Tex. 2012) ............................................ 6

*Wedel v. Gyro Technologies, Inc.,* C.A. 2:15-cv-00093 (S.D. Tex. Sept. 2, 2015) ............................... 6

*Wittemann v. Wisconsin Bell, Inc.*, C.A. 3:09-cv-00440, 2010 WL 446033 (W.D. Wis. Feb. 2, 2010) ........ 5

**Statutes**

29 U.S.C. § 215 ........................................................................................................................ 10

29 U.S.C. § 216 ................................................................................................................. 2, 3, 7

A.   **SUMMARY**

W&W Energy Services, Inc. (W&W) failed to pay its Sand Coordinators overtime wages required under federal law. W&W maintained a uniform pay practice of paying its Sand Coordinators a salary without any overtime compensation. This practice flagrantly violates the FLSA.

**W&W admits that the Putative Class Members "are similarly situated to Zook."** *See* Def.'s 1st Am. Ans. [Doc. 6], at ¶ 22 (admitting Pl.'s Orig. Compl. [Doc. 1], at ¶¶ 51). Zook seeks to allow his coworkers, who performed similar job duties and received similar pay, to receive notice about their right to participate in this collective action and stop the statute of limitations from running on their valuable back wage claims. Zook's evidence meets and surpasses the lenient *Lusardi* standard for conditional certification under the FLSA, and the Court should therefore certify this collective action and order notice to be sent to putative class members.

B.   **FACTUAL BACKGROUND**

W&W is frack sand logistics company. W&W's fracking clients use sand to support the fissures created underground as part of the fracking process. Ex. A, Zook Decl., at ¶ 5. The fracking companies hire sand logistics companies like W&W to coordinate the delivery of sand by the truckload. The sand is pumped into open fractures in order to hold them open during pumping. *Id.*

W&W's Sand Coordinators compile information regarding the delivery of sand to the wellsite. *Id.*, at ¶ 4. By the time a Sand Coordinator is working at a well site, either W&W or the fracking company has determined how much sand is needed and set a delivery schedule. *Id.*, at ¶ 5. The Sand Coordinators merely relay information to W&W's offices and are not involved in any decision-making. *Id.*, at ¶¶ 5-7. When the trucks arrive to the wellsite, like airport ground crewmen, Sand Coordinators guide the drivers with hand signals, walking with the trucks across the site and guiding them as they back up in position to connect hoses to the sand tanks where the drivers unload. *Id.*, at ¶ 8.

Sand Coordinators work outside, in all types of weather, on their feet, for 12- or 14-hour shifts,

usually for over 84 hours per week. *Id.*, at ¶¶ 9, 14. Sand Coordinators wear respirators, fire protectant clothing, hardhats, steel-toed boots, and safety glasses. *Id.*, at ¶ 9. And their labor is physically intense and not for the weak. For example, Sand Coordinators connect hoses, which can weigh 100-200 pounds, or more when full of sand. *Id.*, at ¶¶ 10-11. After their 12- to 14-hour shifts, Sand Coordinators are sweaty or frozen (depending on the weather) and physically exhausted. *Id.*, at ¶ 11.

W&W's Sand Coordinators do not hire, fire, or supervise anyone. *Id.*, at ¶ 12. They do not recommend hiring, firing, or making changes in employment conditions of other workers. *Id.* They are not managers or supervisors. *Id.* No advanced degree is required to become a Sand Coordinator, and they typically have a high school degree (or even less). *See* Def.'s 1st Am. Ans. [Doc. 6], at ¶ 10 (admitting Pl.'s Orig. Compl. [Doc. 1], at ¶¶ 25-26).

W&W's Sand Coordinators work far more than 40 hours a week. Zook and the Putative Class Members generally worked 12 to 14 hours per day—84 hours per week or more. Ex. A, Zook Decl., at ¶ 14. Even though W&W's Sand Coordinators performed non-exempt, physical labor and worked long hours—well in excess of 40 hours a week—W&W did not pay them the overtime required by the FLSA. Instead, W&W paid all its Sand Coordinators a salary only, without overtime compensation. *Id.*, at ¶ 16; *see* W&W's Ans. [Doc. 9], at ¶ 2. This uniform payment scheme violated the FLSA.

C. **ARGUMENT & AUTHORITIES**

  1. **Class certification is warranted when employees are "similarly situated."**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Court-authorized notice protects against "misleading communications," resolves disputes regarding the content of any notice, prevents the proliferation of

multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-172.

Under FLSA section 216(b), an employee need only show that he brings suit for himself and on behalf of other employees "similarly situated." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-16 (5th Cir. 1995); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *D'Anna v. M/A-Com, Inc.*, 903 F.Supp. 889, 893 (D. Md. 1995). A plaintiff's claims need not be **identical** to the potential opt-ins, only **similar**. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *see also Allen v. McWane, Inc.*, C.A. 2:06-cv-158, 2006 WL 3246531 (E.D. Tex. Nov. 7, 2006) (certifying class of hourly employees at plants across the U.S.); *Hanks v. Big Lots Stores, Inc.,* C.A. 5:04-cv-00238-DF (E.D. Tex. Aug. 8, 2005) (certifying nationwide class of furniture department managers). A plaintiff need only to demonstrate "a reasonable basis" for allegations that a class of similarly situated persons may exist. *Grayson*, 79 F.3d at 1097; *see Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (finding plaintiffs similarly situated because they were allegedly victims of "common policy or scheme or plan that violated the law").

**2. The Fifth Circuit uses the two-stage *Lusardi* approach for class certification.**

In the Fifth Circuit, the "typical" method for administering collective actions is the "two-step" *Lusardi* approach. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Lang v. DirecTV, Inc.,* 735 F. Supp. 2d 421, 434-435 (E.D. La. 2010). Under the *Lusardi* approach, the court "determines whether the putative class members' claims are sufficiently similar" to authorize notice to potential class members. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney v. Aramco Servs. Co.,*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214; *see, e.g., Vargas v. The Richardson Trident Co.*, C.A. H-9-1674, 2010 WL 730115, at *7 (S.D. Tex. Feb. 22, 2010); *Cantu v. Vitol, Inc.*, CA H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009); *Foraker v.*

*Highpoint Southwest Servs., L.P.*, C.A. H- 06-1856, 2006 WL 2585047, at *3 (S.D. Tex. Sept. 7, 2006).

In deciding whether notice should be issued, courts only require "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214 n.8. Doing otherwise would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. Jan. 5, 1988) ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

An employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Mooney*, 54 F.3d at 1213-14; *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996). It is important to note the plaintiff's claims and positions need not be identical to the potential opt-ins', only similar. *Grayson*, 79 F.3d at 1096; *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994). The Southern District of Texas explained:

> [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively.

*Tolentino v. C&J Spec-Rent Services, Inc.*, C.A. 2:09-cv-00326, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (*citing Albanil v. Coast 2 Coast, Inc.*, C.A. 4:08-cv-00486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)). Further, the plaintiff need to only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097; *see, e.g., Ortiz v. Rain King, Inc.,* C.A. 4:02-cv-04012, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) (one declaration, and the complaint sufficient)*; Alba v. Madden Bolt Corp.*, C.A. 4:02-cv-01503, 2002 WL 32639827 (S.D. Tex. Jun. 5, 2002) (one declaration sufficient); *Villatoro v. Kim Son Restaurant*, 286 F.Supp.2d 807, 810-11 (S.D. Tex. 2003) (one declaration plus employer documents sufficient).

At the second step, "following the completion of the opt-in process and further discovery, the Defendant may ask the Court to reevaluate the conditional certification to determine whether there is

sufficient similarity between the Plaintiff and the Putative Class Members to allow the matter to proceed to trial on a collective basis." *Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008) (quoting *Jirak v. Abbott Labs., Inc.,* 566 F.Supp.2d 845, 847 (N.D. Ill. 2008)); *Wittemann v. Wisconsin Bell, Inc.*, C.A. 3:09-cv-00440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("If, after discovery, defendant shows that any differences among the class members make it too difficult to decide their claims together, defendant may ask to decertify the class or divide the class into subclasses.").

Once the Court determines that the employees are similarly situated, notice is sent and new plaintiffs may "opt in" to the lawsuit. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney v. Aramco Servs. Co.,*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D. at 406. Once the notice and opt-in period is complete, the court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989).

### 3. The Putative Class Members share common job duties and pay provisions.

In order for notice to be issued, some evidence of "a single decision, policy, or plan" should be presented. *Collazo v. Forefront Educ., Inc.*, C.A. 1:08-cv-05987, 2010 WL 335327, at *2 (N.D. Ill. Jan. 28, 2010); *see H&R Block, LTD. v. Housden & Beard,* 186 F.R.D. 399, 400 (E.D. Tex. 1999). Proof of such a single practice can be provided through declarations of potential plaintiffs, identification of potential plaintiffs, and/or evidence of a widespread plan. *H&R Block, LTD.,* 186 F.R.D. at 400.

**W&W's answer admits that Putative Class Members "are similarly situated to Zook."** *See* Def.'s 1st Am. Ans. [Doc. 6], at ¶ 22 (admitting Pl.'s Orig. Compl. [Doc. 1], at ¶¶ 51). This alone satisfies the Court's inquiry. But even apart from W&W's admission, Zook meets the lenient standard for conditional certification because the evidence attached to this motion confirms the uniform nature

of W&W's compensation practices, the identity of a class of similarly situated individuals, and that numerous class members desire to participate. Zook's declaration testimony confirms that all Sand Coordinators are paid a salary without overtime, and that all Sand Coordinators perform the same general job duties. *See generally* Ex. A, Zook Decl.

Despite the admission in its answer, W&W would not agree certification. It may then attempt to argue that this case is inappropriate for conditional certification by suggesting the inquiry is inherently "individualized" or "fact-intensive." To the contrary, W&W itself treated all Sand Coordinators the same regardless of any individualized factors.

Courts have repeatedly rejected various iterations of this argument and certified overtime disputes for similar collective treatment. *See, e.g., Garcia v. GES Gladiator Energy Svcs. Texas LLC*, No. 5:15-cv-00257-XR, Order Granting Cond. Cert. [Doc. 40] (W.D. Tex. Nov. 2, 2015) (Rodriguez, D.J.) (certifying class of employees paid fixed salary and non-discretionary job bonus (day rate)); *Wedel v. Gyro Techs., Inc.*, C.A. 2:15-cv-00093 (S.D. Tex. Sept. 2, 2015) (granting certification for oilfield workers paid salary plus job bonus); *McPherson v. LEAM Drilling Sys., LLC*, Civ. A. No. 4:14-cv-02361 (S.D. Tex. Mar. 30, 2015) (granting certification to nationwide class of oilfield workers paid salary plus job bonus); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-2267 (W.D. La. Feb. 25, 2015) (same); *Meyer v. Phoenix Tech. Servs. USA, Inc.*, No. 4:14-cv-01490 (S.D. Tex. Jan. 27, 2015) (same); *Davida v. Newpark Drilling Fluids, LLC*, No. SA-14-CA-552-HJB (W.D. Tex. Jan. 6, 2015) (Bemporad, M.J.) (same).

### 4. Merits issues are not relevant to a decision on conditional certification.

Disagreement about the merits of Zook's claims is not grounds for denying certification. It is well-established "courts are not to engage in merits-based analysis at the notice stage of a collective action." *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012), *adopted*, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013); *Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856, 861 (S.D. Tex. 2012); *Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 465 (S.D. Tex. 2012).

The important point is that all of the merits issues and defenses raised by W&W's Answer can be resolved on a class-wide basis. *See* W&W's Ans. [Doc. 9], at Aff. Defs. For example, W&W pleads that Sand Coordinators were excluded from the FLSA because they were subject to its administrative exemption. *Id.*, at Aff. Defs. ¶ 26. By pleading defenses applicable to all Sand Coordinators, W&W acknowledges that these issues can be determined as an issue common to the class.

### 5. The statute of limitations is running on Putative Class Members' claims.

Unlike Rule 23 class actions, in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled upon the commencement of the action or even upon an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file with the court their written consent to join the action. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, at a minimum, it does notify the Putative Class Members that the case is ongoing and the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989)).

### D. RELIEF SOUGHT

#### 1. Zook's proposed Notice & Consent form has been widely accepted by Courts.

To facilitate the Notice process and preserve the rights of those who have not yet opted-in, Zook proposes the attached Notice and Consent Form, and opt-in timeline, for approval by the Court. *See* Appx. 1. Variations of the proposed Notice and Consent Form have been adopted by courts in several districts throughout the United States, including in this District. The same is true of Zook's proposed opt-in timeline. Their use is likewise appropriate in this case.

2.  **The production of contact information is routine in FLSA collective actions.**

Zook also requests the Court order Defendant to provide his Counsel with the names, last known home addresses, email addresses, and phone numbers for all the Putative Class Members. Courts routinely require this information and allow the issuance of notice through the requested conduits. *See, e.g., Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 517 (W..D. Tex. 2015) (Pitman, D.J.) (ordering production of names, addresses, email addresses, and phone numbers); *Beall v. Tyler Technologies, Inc.*, No. Civ. A. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. Sept. 23, 2009) (granting class notice via email and compelling the employer to produce all email addresses, both personal and work); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. Civ. A. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (granting circulation of class notice via both U.S. mail and email); *Ortiz v. Rain King, Inc.*, C.A. 4:02-cv-04012, 2003 WL 23741409, at *1 (S.D. Tex. Mar. 10, 2003) (granting class notice and ordering Defendant to produce the names, addresses, and phone numbers of class employees in a readable computer format)*; Alba*, 2002 WL 32639827, at *1 (ordering the defendant to produce "the full name, last known address, telephone numbers, dates and location of employment for three years); *see also Hoffmann-LaRoche*, 493 U.S. 165, 170 ("The District Court was correct to permit discovery of the names and addresses …."). The production of email addresses is particularly important because the Putative Class Members all work for long periods of time in remote locations that are far away from home, and will eat, sleep, and work at or near the jobsite, making it difficult (or even impossible) to regularly receive mail. *See* Ex. A, Zook Decl., at ¶ 20.

3.  **Email notice should be provided to Putative Class Members.**

Email notice has become an accepted—and even embraced—form of notice in FLSA collective actions. *See Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-cv-603-RP, Order Granting Cond. Class Cert. and Notice [Doc. 57], at *2 (W.D. Tex. Mar. 16, 2015) (Pitman, D.J.) (citing *Jones v. JGC Dallas* LLC, No. 3:11-CV-2743-O, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012)).

Oilfield employees such as the Putative Class Members all work for long periods of time in remote locations that are far from home and do not regularly receive mail. Ex. A, Zook Decl., at ¶ 20. Writing specifically about oilfield employees, a court within this District has explained that "email notification can be particularly beneficial in situations where potential opt-in plaintiffs are away from home for extended periods of time." *Stage 3*, No. 5:14-cv-603-RP, Order Granting Cond. Class Cert. [Doc. 57], at *2. The court explained email notice should be the rule in providing class notice:

> The Court notes that in 2015 it should rarely be entertaining arguments about the appropriateness of email notice. Email is not the wave of the future; email is the wave of the last decade and a half. **Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the potential class members are also notified via email**.

*Id.* (emphasis added); *see also Jaso v. Bulldog Conn. Specialists LLC*, No. 2:15-cv-269, Memo & Order on Pls' Mtn. for Cond. Cert. [Doc. 17], at *12 (S.D. Tex. Oct. 15, 2015) ("[T]he Court finds that notice by e-mail will more likely reach potential class members than regular mail sent to the home address …."). The use of both emailed notice and e-signatures serves to make the notification and op-in process faster and easier. *See, e.g., Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 516-18 (W..D. Tex. 2015) (Pitman, D.J.) (collecting cases). In fact, courts examining the issue have placed the burden upon defendants and denied email notice only if the defendant could establish email would not serve "broad remedial purpose of the FLSA by facilitating notice." *Jones v. Cretic Energy Svcs., LLC*, No. H-15-0051, 2015 WL 8489978, at *10, --- F.Supp.3d ---- (S.D. Tex. Dec. 9, 2015).

Along these lines, email notice and e-signatures have been accepted as routine in FLSA collective actions. *See id.; Dyson*, 308 F.R.D. at 517; *Moore v. Bottom Line Svcs., LLC*, No. 2:13-cv-121, Order on Mtn. for Notice to Class [Doc. 26], at *1 (S.D. Tex. Nov. 14, 2013); *Gonyer v. Allied Transp. Co.*, No. 2:13-cv-267, Order on Cond. Cert. [Doc. 85], at *2 (S.D. Tex. Jun. 11, 2014); *Durbin v. Advanced Pipeline Svcs., LLC*, No. 13-cv-0136, Order on Pl.'s Mtn. for Notice to Potential Class Mems. [Doc. 34], at *1 (S.D. Tex. Jan. 13, 2014); *see also Pacheco v. Aldeeb*, Cv. No. 5:14-CV-121-DAE, 2015 WL 159570,

at *9 n.4 (W.D. Tex. Mar 31, 2015) (Ezra, S.D.J.) (approving notice by email and Facebook message).

### 4. Zook should be permitted to follow-up with Putative Class Members by telephone.

Zook requests that the certification schedule in this matter accommodate the follow-up of Putative Class Members by telephone if they are former employees or if the mailed or emailed Notice and Consent Forms are undeliverable. Employees who have left the employment of a company frequently do not provide the former employer with up-to-date contact information. *See Lopez v. WS Energy Svcs., LLC*, No. 2:15-cv-135, Order on Mtn. for Notice to Class Mems. [Doc. 33], at *3 (S.D. Tex. Oct. 15, 2015). For this reason, Zook requests the certification schedule accommodate follow-up phone calls to those Putative Class Members are former employees or whose contact information, during the course of the class certification schedule, is shown to be incorrect or no longer valid.

### 5. W&W should be prohibited from discouraging employees from joining this lawsuit.

The FLSA expressly prohibits W&W from dissuading Putative Class Members from exercising their rights. 29 U.S.C. § 215(a)(3). Zook requests the Court's order granting this Motion state:

> Defendant is hereby prohibited from communicating, directly or indirectly, with any current or former employees about any matters which touch or concern the settlement of any outstanding wage claims, or other matters related to this suit, during the opt-in period. Defendant shall so instruct all of its managers. This Order shall not restrict Defendant from discussing with any current employee matters that arise in the normal course of business.

*See Benzon v. Nat'l Oilwell Varco, LP*, C.A. No. 4:14-cv-2582, Order Granting Mtn. for Cond. Cert. [Doc. 33] (S.D. Tex. Jun. 18, 2015) (approving nearly identical order); *Barnard v. Intertek USA Inc.*, C.A. No. 4:11-cv-2198, Order Granting Pls' Mtn. for Cond. Cert. [Doc. 99] (S.D. Tex. May 2, 2012) (same); *Alba v. Madden Bolt Corp.*, C.A. No. 4:02-cv-1503, 2002 WL 32639827, at *1 (S.D. Tex. Jun. 5, 2002) (same).

### E. CONCLUSION

Zook meets his burden to show "substantial allegations" that W&W's Sand Coordinators had similar job duties and were paid under a similar practice. Zook respectfully requests that the Court grant this Motion and approve his proposed Notice & Consent Form and opt-in procedures.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
_____
     Richard J. (Rex) Burch
     Texas Bar No. 24001807
     Matthew S. Parmet
     Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,**
     **BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:   (713) 751-0025
Telecopier:   (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On March 9, 2015, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet

**CERTIFICATE OF CONFERENCE**

Prior to the filing of this Motion, Plaintiff's Counsel conferred with Defendant's Counsel to reach agreement on certification, but Defendants did not consent to the relief sought herein.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet